**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

80sTees.com, Inc.,

    Plaintiff,

        v.                                                    Case No.:

Jersey Nation Pty., Ltd., an
Australian Private Company; and
Shakir Hammadi, an individual.

    Defendants.
_____

John Di Giacomo (P73056)
Eric Misterovich (P73422)
Andrew Jurgensen (P81123)
REVISION LEGAL, PLLC
Attorneys for Plaintiff
8051 Moorsbridge Rd.
Portage, Michigan 49024
T: (269) 281-3908
F: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com
drew@revisionlegal.com
_____

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff 80sTees.com, Inc., by and through its attorneys Revision Legal, PLLC, states the following for its Complaint:

### PARTIES

1. Plaintiff 80sTees.com, Inc. ("80sTees") is a corporation incorporated in the State of Pennsylvania.

2.      Defendant Jersey Nation Pty., Ltd. is an Australian Private Company ("Jersey Nation") that operates the ecommerce website The Jersey Nation located at <thejerseynation.com>.

3.      Upon information and belief, Defendant Shakir Hammadi is an individual residing in Australia.

4.      Upon information and belief, Defendant Shakir Hammadi is the founder and CEO of Jersey Nation.

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act. 17 U.S.C. § 501.

6.      Personal jurisdiction is proper over Defendants because exercise thereof would not offend traditional notions of fair play or substantial justice because Defendants have purposefully availed themselves of this forum state, the cause of action arises from Defendants' activities here, and the Defendants' actions have caused damage to Plaintiff in the State of Michigan.

7.      Specifically, Defendants purposefully and intentionally availed themselves of this forum state by importing, distributing, offering for sale, displaying, advertising, and selling infringing goods substantially similar to Plaintiff's copyrighted works in the State of Michigan and by creating and operating interactive websites that reveal specifically intended interactions with residents of the State of Michigan.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants where the Defendants directly target business activities toward consumers in the United States, including Michigan, through its fully interactive e-commerce store. Specifically, Defendants have targeted sales to Michigan residents

by setting up and operating an e-commerce store that target United States consumers. They offer shipping to the United States, including Michigan, accept payment in U.S. dollars, offer categories of products specifically targeted to U.S. consumers insofar as the products themselves are various sports apparel for American teams, and, on information and belief, have sold substantially similar goods to Plaintiff's federally registered copyrighted works to residents of Michigan. Each of the Defendants is committing tortious acts in Michigan, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Michigan.

## FACTUAL BACKGROUND

9.      Plaintiff operates a website located at <www.80stees.com> that sells custom apparel with a specific focus on retro t-shirts that reference popular movies, music, television shows, fads, brands and other cultural touchpoints from the 70s, 80s, 90s, and 2000s.

10.     In November of 2018, Plaintiff designed a hockey jersey inspired by the 1989 film *National Lampoon's Christmas Vacation*, featuring a moose head adorned with a Christmas-themed stocking cap on the front of the jersey, the name "Griswold" on the jersey's rear nameplate, the numbers "00" on the back and sleeves, black and red striping on the arms and lower half of the jersey, and the image of a Christmas tree atop a station wagon superimposed in front of a yellow "G" on both shoulders ("Moose Head Jersey"). Images of the Moose Head Jersey are embedded below.

 

11. Plaintiff's Moose Head Jersey is an original work of authorship fixed in a tangible medium of expression.

12. Plaintiff sold its first Moose Head Jersey on July 9, 2019.

13. Plaintiff's Moose Head Jersey has been available for sale since July of 2019 and remains available for sale on Plaintiff's website.[1]

14. Plaintiff owns a federal copyright registration for its Moose Head Jersey, Registration No. VA0002386198.

15. Defendants operates a website located at <thejerseynation.com> that sells custom apparel with a specific focus on sports jerseys.

16. Defendants' website features categories of jerseys based, among other things, on specific sports and geography.

---

[1] Available at https://www.80stees.com/products/christmas-vacation-griswold-hockey-jersey.

4

17. Defendants' website includes a product category for "American Football."

18. Defendants' website also sells USA basketball jerseys, USA baseball jerseys, USA basketball shorts, and various novelty related to American films, such as *The Mighty Ducks*, *Happy Gilmore*, and *Slap Shot*.

19. Defendants' website also sells a moose-themed hockey jersey that is substantially similar to Plaintiff's Moose Head Jersey (the "Infringing Jersey").

20. The Infringing Jersey product name is "Christmas Style 'Griswold' Hockey Jersey," which is nearly identical to the product name of Plaintiff's Moose Head Jersey titled "Christmas Vacation Griswold Hockey Jersey."

21. Like Plaintiff's Moose Head Jersey, the Infringing Jersey uses a substantially similar cartoon moose on the front of the jersey adorned with a substantially similar Christmas-themed stocking cap, the exact same name, "Griswold," on the jersey's rear nameplate, the exact same numbers, "00," on the back and sleeves, and the exact same black and red striping on the arms and lower half of the jersey. Images of the Infringing Jersey are embedded below.





22.     The Infringing Jersey also uses the same black wrist cuffs and the same red collar with black trim as Plaintiff's Moose Head Jersey uses.

23.     Defendants use a URL handle for its Infringing Jersey product page that is nearly identical to the URL handle Plaintiff uses for its Moose Head Jersey, evidencing an intent to usurp search traffic from Plaintiff.

24.     Defendants prominently displayed the Infringing Jersey on their website, including it on the homepage and listing it as a "Best Seller." As another example, the Infringing Jersey was one of three jerseys included in Defendants' large Black Friday graphic featured prominently on its homepage, as seen embedded below.



25. Defendants heavily market the Infringing Jersey, including using targeted advertising through Google to users located in Michigan.

26. Defendants thus use an infringement of Plaintiff's copyrighted Moose Head Jersey to drive traffic to its website where visitors will see, and are likely to consider buying, Defendants' other offerings.

27. Upon information and belief, Defendants have sold thousands of Infringing Jerseys and have made upwards of, if not more than, $1,000,000 in revenue based on sales of the Infringing Jersey.

28. Indeed, as of the filing of this complaint, there were over 480 reviews on Defendants' website for the Infringing Jersey.

29. Plaintiff has not licensed its copyrights in the Moose Head Jersey to Defendants.

30. Defendants do not have Plaintiff's permission or authorization to create substantially similar or derivative designs of Plaintiff's Moose Head Jersey.

31. Defendants' Infringing Jersey is strikingly similar to Plaintiff's Moose Head Jersey.

32. Upon information and belief, Defendants knew of, were aware of, and intentionally copied Plaintiff's Moose Head Jersey to create the Infringing Jersey.

33. Defendants similarly copied another jersey designed, manufactured, and sold by Plaintiff. The below embedded image on the left is Plaintiff's Chicago Sh*tters jersey, which features a silhouette resembling Uncle Eddie from *National Lampoon's Christmas Vacation* holding a hose and raising a can inside of a triangle on the front of the jersey, with a cigar and beer can creating an "x" pattern on the sleeve. The below embedded image on the right is Defendants' Chicago Sh*tters jersey, which features a silhouette resembling Uncle Eddie from *National Lampoon's Christmas Vacation* holding a hose and raising a can inside of a triangle-like shape on the front of the jersey, with a cigar and beer can creating an "x" pattern on the sleeve.

 

34. Like their copying of Plaintiff Moose Head Jersey, Defendants created a substantially similar jersey to Plaintiff's Chicago Sh*tters jersey and gave it a nearly identical product name.

35. Upon information and belief, Defendant Shakir Hammadi was personally involved with the creation of the Infringing Jersey, personally authorized the reproduction, distribution, and public display of the Infringing Jersey, and directly and materially benefits from same.

36. Defendants reproduced, distributed, publicly displayed on their website and in various marketing materials, and created derivative works of Plaintiff's Moose Head Jersey.

37. Plaintiff has never given Defendants permission to reproduce, distribute, publicly display, or create derivative works of the Moose Head Jersey.

38. On October 8, 2024, Plaintiff sent a cease-and-desist letter to Defendants demanding they stop infringing Plaintiff's copyrighted Moose Head Jersey.

39. Defendants acknowledged they received Plaintiff's October 8, 2024 letter.

40. Defendants continued to publicly display, offer for sale, and sell the Infringing Jersey after receiving Plaintiff's letter and continue to do so to this day.

41. Upon information and belief, Defendant Shakir Hammadi made the decision to ignore Plaintiff's cease-and-desist letter and personally authorized Defendants to further publicly display, offer for sale, and sell the Infringing Jersey.

42. Before receiving the October 8, 2024 letter, the product name for the Infringing Jersey and URL handle for its product page were identical to Plaintiff's Moose Head Jersey product and product page URL handle, but after receiving the October 8, 2024 letter, Defendants changed the product name for their Infringing Jersey and the URL handle for its product page to be slightly different from Plaintiff's names, as noted above.

## COUNT I – COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501(a))

43. Plaintiff incorporates the above paragraphs as if fully restated herein.

44. Plaintiff owns a federal copyright registration for the Moose Head Jesery, Registration Number VA0002386198.

45. The Moose Head Jersey is an original work of authorship, authored by Plaintiff, and fixed in a tangible medium of expression.

46. Defendants had access to Plaintiff's Moose Head Jersey.

47. Defendants' Infringing Jersey is strikingly similar to Plaintiff's Moose Head Jersey.

48. Defendants have reproduced, prepared derivative works of, distributed copies of, and displayed publicly the Infringing Jersey, which is substantially similar to Plaintiff's Moose Head Jersey.

49. Specifically, Defendant Jersey Nation has reproduced, prepared derivative works of, distributed copies of, and displayed publicly the Infringing Jersey, which uses substantial portions of protected expression found in Plaintiff's Moose Head Jersey.

50. Defendant Jersey Nation acted with volition when it reproduced, prepared derivative works of, distributed copies of, and displayed publicly the Infringing Jersey.

51. Specifically, Defendant Shakir Hammadi has reproduced, prepared derivative works of, distributed copies of, and displayed publicly the Infringing Jersey, which uses substantial portions of protected expression found in Plaintiff's Moose Head Jersey.

52. Defendant Shakir Hammadi acted with volition when he reproduced, prepared derivative works of, distributed copies of, and displayed publicly the Infringing Jersey, and when he authorized the reproduction, distribution, public display of the Infringing Jersey, and the creation of unauthorized derivative works based on the Moose Head Jersey.

53. Defendants unauthorized copying of substantial portions of Plaintiff's Moose Head Jersey violates Plaintiff's exclusive right of reproduction granted in 17 U.S.C. § 106(1).

54. Defendants' unauthorized distribution of the Infringing Jersey violates Plaintiff's exclusive right of distribution granted in 17 U.S.C. § 106(3).

55. Defendants' public display of the Infringing Jersey violates Plaintiff's exclusive right of public display granted in 17 U.S.C. § 106(4).

56. Defendants unauthorized copying of substantial portions of Plaintiff's Moose Head Jersey and creation of new works substantially similar to Plaintiff's Moose Head Jersey violates Plaintiff's exclusive right to create derivative works granted in 17 U.S.C. § 106(2).

57. Defendants' infringement of Plaintiff's Moose Head Jersey was deliberate and willful.

58. As a result of Defendants' infringement, Plaintiff has suffered monetary damages.

59. As the founder and CEO of Defendant Jersey Nation, Defendant Shakir Hammadi directs, controls, ratifies, participates in, or is the moving force behind the Defendants' infringement and is thus personally liable for such infringement.

60. As the founder and CEO of Defendant Jersey Nation, Defendant Shakir Hammadi, supervises Defendant Jersey Nation's infringing activity and has a financial interest in that activity and is thus personally liable for such infringement.

61. As the founder and CEO of Defendant Jersey Nation, Defendant Shakir Hammadi personally participates in Defendant Jersey Nation's infringement and is thus personally liable for such infringement.

62. Plaintiff is entailed to the recovery of, at its election, statutory damages, actual damages, Defendant's profits, and the costs of this action.

63. Plaintiff is also entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 and 17 U.S.C § 106.

64. Plaintiff is entitled to its attorneys' fees pursuant to 17 U.S.C. § 505 and 17 U.S.C § 106.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests this Honorable Court grant the following relief:

A.　　Enjoin Defendants from continuing to infringe Plaintiff's works in any way;

B.　　Award Plaintiff all damages to which he is entitled, including, but not limited to, actual and statutory damages, Defendants' profits, all costs and expenses, including attorneys' fees; and

C.　　Award Plaintiff any other relief to which he is entitled.

Respectfully submitted,

REVISION LEGAL, PLLC

Dated: December 20, 2024

__/s/ Drew Jurgensen_____
John Di Giacomo (P73056)
Eric Misterovich (P73422)
Andrew Jurgensen (P81123)
REVISION LEGAL, PLLC
Attorneys for Plaintiff
8051 Moorsbridge Rd.
Portage, Michigan 49024
T: (269) 281-3908
F: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com
drew@revisionlegal.com